NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANGEL MENJIVAR,

        Petitioner,

        v.

WILLIAM P. BARR, Attorney
General,

        Respondent.

No. 16-72128

Agency No. A070-060-360

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 12, 2019
Pasadena, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and OTAKE,[**] District
Judge.

    Angel Menjivar, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' ("BIA") determination that he was not eligible

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Jill Otake, United States District Judge for the District of
Hawaii, sitting by designation.

for special rule cancellation of removal pursuant to the Nicaraguan Adjustment and Central American Relief Act ("NACARA").[1] We grant the petition and remand.

Menjivar asserts that the BIA erred when it decided that he was not credible and, therefore, denied relief on the basis that Menjivar failed to meet his burden of showing that he was not a persecutor. *See* 8 U.S.C. § 1231(b)(3)(B)(i); *see also* 8 U.S.C. § 1229a(c)(4)(B). We agree.

The Immigration Judge ("IJ") recognized the substantial inconsistencies between Menjivar's testimony at the hearing before the IJ and his previous sworn statements before the asylum officer. However, while noting these substantial inconsistencies, the IJ did not consider them because, the IJ said, Menjivar did not have an opportunity to explain them. As a result, the IJ did not decide whether Menjivar was actually credible—the IJ did not even "reach a finding that [Menjivar] had lied under oath," even though he lacked candor.

We agree that an alien must be given an opportunity to explain inconsistencies before an adverse credibility determination is made on account of those inconsistencies. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011); *see also Garcia v. Holder*, 749 F.3d 785, 790 (9th Cir. 2014). But, as the BIA decided,

_____

[1]Pub. L. No. 105-100, 111 Stat. 2160, 2193 (1997).

2

the IJ's determination that Menjivar had not been given the opportunity was clearly erroneous as were the IJ's conclusions that followed thereafter.[2]  However, the BIA erred when it made its own credibility findings on appeal rather than remanding to the IJ to make that factual determination in the first instance.  *See* 8 C.F.R. § 1003.1(d)(3); *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012); *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 661 (9th Cir. 2003); *cf. Recinos de Leon v. Gonzales*, 400 F.3d 1185, 1194 (9th Cir. 2005).  On the record, that leaves gaps in the reasoning of the IJ and BIA which must be filled in order for the BIA to properly decide whether the government carried its burden to show that Menjivar "may" be subject to the persecutor bar,[3] and, if so, whether Menjivar had carried his burden to show that he was not a persecutor.[4]  We, therefore, remand to the BIA for further proceedings after either determining that Menjivar will be deemed

---

[2]The BIA had the authority and grounds to make those determinations.  *See* 8 C.F.R. § 1003.1(d)(3); *see also Tekle v. Mukasey*, 533 F.3d 1044, 1051–52 (9th Cir. 2008).  We note that counsel made it plain that Menjivar did "not want to testify" about the inconsistencies, even though he was advised of his opportunity to do so.

[3]*See* 8 C.F.R. § 1240.8(d); *see also* 8 U.S.C. § 1231(b)(3)(B)(i); *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 928, 930 (9th Cir. 2006); *cf. Budiono v. Lynch*, 837 F.3d 1042, 1048 (9th Cir. 2016).

[4]*See* 8 C.F.R. § 1240.8(d); *see also* 8 U.S.C. § 1231(b)(3)(B)(i); 8 C.F.R. § 1240.64(a); *Budiono*, 837 F.3d at 1047.

credible or remanding to the IJ to make findings regarding credibility.

Petition **GRANTED** and **REMANDED**.



FILED

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

M. Smith, Circuit Judge, dissenting:

I respectfully dissent, and would deny the petition for review.

At oral argument, both parties' counsel stipulated that the IJ found petitioner's testimony to be credible. Thus, the BIA acted in accordance with applicable regulations when it determined that the IJ's credibility finding was clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i).

In his NACARA interviews and live testimony before the IJ, petitioner made inconsistent statements related to whether he "ordered, incited, assisted or otherwise participated in the persecution of an individual" based on their political opinion, and was thus ineligible for cancellation of removal under 8 U.S.C. § 1231(b)(3)(B)(i). In particular, he was inconsistent about the following facts concerning his tenure in the Salvadoran military:

- the length of his service in Battalion Cazadores, a division of the Salvadoran military associated with human rights abuses;
- whether he killed guerillas in combat; and
- whether he arrested guerillas and turned them over to interrogators.

Because the evidence in the record indicated that the persecutor bar might apply, 8 C.F.R. § 1240.8(d) required petitioner to prove by a preponderance of the evidence that it did not. The burden-shifting threshold in this setting is low: the

record need only "raise the inference," *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 930 (9th Cir. 2006), or contain "at least some evidence," *Budiono v. Lynch*, 837 F.3d 1042, 1049 (9th Cir. 2016), that petitioner persecuted others based on a protected ground, a burden clearly met here.

Nevertheless, despite the inconsistent NACARA interview testimony introduced by the agency, petitioner's counsel did not ask the agency's witness questions on re-direct examination to clarify the inconsistencies. Moreover, when the IJ provided petitioner an opportunity to explain the inconsistencies, he twice declined to do so. Given petitioner's complete failure to address the indicia of persecution in the record, the BIA's denial of relief was proper.

*Mendoza Manimbao v. Ashcroft*, cited by the majority, does not aid petitioner, who received a positive, if clearly erroneous, credibility determination before the IJ. 329 F.3d 655, 662 (9th Cir. 2003) (finding error where BIA "impl[ied]" a credibility finding after the IJ "failed to make a sufficient credibility determination"); *see also Rodriguez v. Holder*, 683 F.3d 1164, 1176 (9th Cir. 2012) (noting that a "reviewing body may find clear error in a fact-finder's credibility determination if a witness's story is . . . internally inconsistent"); *Recinos de Leon v. Gonzales*, 400 F.3d 1185, 1194 (9th Cir. 2005) (remanding where BIA relied on IJ's "indecipherable explanation"). Furthermore, the due process concerns implicated by *Manimbao* are completely inapplicable here, where petitioner was represented by counsel, and

twice refused opportunities to testify to address the inconsistencies between his live testimony and the statements he made in his NACARA interviews.

In my opinion, this is a non-controversial case that should have resulted in a denial of the petition for review.